1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard L. Smith and Nina L. Smith, ) | No. CV-10-0590-TUC-DCB-DTF |
| Plaintiffs, ) | **REPORT & RECOMMENDATION** |
| vs. ) | |
| Bank of America N.A., ) | |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Dismiss.  (Doc. 4.)  Pursuant to an order of the Court, Plaintiffs responded.  (Docs. 7, 10.)  Defendant has filed a reply.  (Doc. 11.)  Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation.  The Magistrate recommends the District Court, after its independent review of the record, enter an order granting the motion to dismiss with leave to amend.

## BACKGROUND

Plaintiffs filed their Complaint in the Superior Court of Cochise County on August 25, 2010, alleging three counts, "money lent," breach of contract, and violation of the Truth in Lending Act (TILA).  (Doc. 1, Ex. A.)  Defendant removed the action to this Court on September 28, 2010, based on diversity and federal question jurisdiction.  (Doc. 1.)

Claim 1 of the Complaint alleges that Plaintiffs deposited $113,313 with Bank of America on September 8, 1994, they have made demand for payment of the funds and Defendant has failed to pay.  Defendant is alleged to owe Plaintiffs the money lent with interest.  Claim 2 alleges that Plaintiffs entered a contract with Bank of America on

1    September 8, 1994, whereby Plaintiffs (as the depositors) sold Defendant a promissory note

2    for $113,313.  Plaintiffs allege Defendant breached the contract by endorsing the note to

3    itself, and Defendant owes Plaintiffs the value of the note.  Plaintiffs allege in Claim 3 that

4    Plaintiffs (as the depositors) sold Defendant a promissory note in the amount of $113,313 on

5    September 8, 1994.  Defendant prepared a note and mortgage agreements but failed to

6    include that Plaintiffs were the depositors and Defendant did not risk any assets in the

7    exchange.  Defendant is alleged to have breached 12 C.F.R. § 226.17(c)(1) of TILA, and to

8    owe Plaintiffs the value of the note.  (Doc. 1, Ex. A.)  Executed and filed concurrently with

9    the Complaint is an Affidavit by Plaintiff Nina Smith averring that on September 8, 1994,

10   she deposited $113,313 with Bank of America and paid fees and interest; the account number

11   was "to be supplied"; and the bank paid her nothing for the deposit.  (Doc. 1-3 at 6.)

12                                        **DISCUSSION**

13          Bank of America argues that Plaintiffs' Complaint fails to state a claim and is subject

14   to dismissal under Rule 12(b)(6).

15          **Standard for Rule 12(b)(6) Motion to Dismiss**

16          To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint

17   must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl.*

18   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the

19   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

20   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

21   (2009). The plausibility standard does not amount to a probability requirement, however, it

22   demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In

23   evaluating a motion to dismiss, "all well-pleaded allegations of material fact are taken as true

24   and construed in a light most favorable to the nonmoving party." *Wyler Summit P'hip v.*

25   *Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "the court [is not]

26   required to accept as true allegations that are merely conclusory, unwarranted deductions of

27   fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

28

1  Cir. 2001). Likewise, "a formulaic recitation of the elements of a cause of action will not do."

2  *Twombly*, 550 U.S. at 555. Dismissal under Rule 12(b)(6) can be based on "the lack of a

3  cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

4  theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

5         **Analysis**

6         In its motion, Defendant relies upon a Note and Deed of Trust.  Defendant argues the

7  Court can consider these documents because they are referred to in the Complaint.

8  Defendant's legal assertion is accurate, *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.

9  2006) (allowing consideration of documents referred to in the complaint and whose

10  authenticity is not questioned), and Plaintiffs refer in the Complaint to a note and "mortgage

11  agreements."  However, in all three claims, Plaintiffs refer to transactions that occurred on

12  September 8, 1994 (Doc. 1, Ex. A), while the documents submitted by Defendant are dated

13  April 5, 1996 (Doc. 4, Exs. A, B).   Additionally, Plaintiffs' Complaint suggests the

14  September 1994 transaction was with Bank of America, while the documents provided by

15  Defendant involved agreements with Countrywide Home Loans, Inc.  Although the amount

16  of money at issue is the same in the Complaint and Defendant's exhibits, the documents are

17  not clearly referred to in the Complaint due to the factual discrepancies.  Therefore, they

18  should not be considered with respect to the pending motion.

19         Plaintiffs argue generally that the motion to dismiss should be denied because

20  Defendant has failed to produce the "original wet ink contract."[1]  (Doc. 10 at 1.)  Plaintiffs

21  fail to explain the relevance of this argument to any claim, and its relation to the Complaint

22  is not obvious to the Court.  Additionally, as argued by Defendant, claims premised on "show

23  me the note" have been held to be without merit.  *See Diessner v. Mortg. Elec. Registration*

24  *Sys.*, 618 F.Supp. 2d 1184, 1187 & n.15 (D. Ariz. 2009) (collecting cases on point), *aff'd*,

25  384 F.App'x 609 (9th Cir. 2010).

26

27

28         [1]    Plaintiffs cite the Uniform Commercial Code § 1-308, however, that provision has to
do with reservation of rights and does not appear relevant to this argument.

Claim 1: Money Lent

Plaintiffs allege they lent Bank of America $113,313 on September 8, 1994, by depositing that sum, and the Defendant bank has refused to pay back the money "lent." This allegation is implausible. Plaintiff appears to be describing a deposit account transaction rather than a loan. This is equally implausible because Plaintiffs also assert they executed a note in the same amount. Plaintiffs fail to plead a plausible legal theory. *See Balistreri*, 901 F.2d at 699.

Claim 2: Breach of Contract

The allegations in Claim 2 are irreconcilable and, ultimately, facially implausible. Plaintiffs allege that they both "entered into a written contract with Defendant, in which Plaintiff sold Defendant a promissory note in the amount of $113,313.00," and also that they were "the depositor[s] in the transaction." The pro se Plaintiffs' factual inconsistencies appear to be caused by their unfamiliarity with the basic legal principles regarding secured transactions.

A promissory note is a "negotiable instrument," which means "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order if it . . . [i]s payable to bearer or to order . . . on demand or at a definite time . . . and does not state any other undertaking or instruction." A.R.S. § 47-3104. Under the Uniform Commercial Code, a "maker" is the person "who signs or is identified in a note as a person undertaking to pay." A.R.S. § 47-3103 (A)(5). Subsequent transfers by someone other than the issuer are generally referred to as a "negotiation," and when the instrument is payable to an identified person, that negotiation "requires transfer of possession of the instrument and its indorsement by the holder." A.R.S. § 47-3201. On the other hand, a deposit or credit account with a bank includes a "demand, time, savings, passbook, share draft or like account" that is held by a "customer." A.R.S. § 47-4104 (A)(1), (5).

Plaintiffs acknowledge they signed a note for $113,300, which means they were the makers of the note and undertook an unconditional promise to pay said sum to the holder.

1   Simultaneously, Plaintiffs assert they were "depositors," suggesting they deposited $113,300
2   in an account with Defendant.  It is illogical to allege that Plaintiffs both paid and promised
3   to pay $113,300.

4       Equally implausible, Plaintiffs allege Defendant endorsed the note to itself without
5   Plaintiffs' knowledge.  When a note is payable to an identified entity, that holder would
6   endorse the note in order to negotiate the transfer of it to a different holder.  It is illogical to
7   allege Defendant transferred the note to itself.

8       Finally, in their response to the motion to dismiss, Plaintiffs "deny" there is  a valid
9   promissory note; rather, they contend the contract is void for fraud.  (Doc. 10 at 1.)  Plaintiffs
10  cannot sue to enforce an invalid contract and they have not alleged a fraud claim.  The
11  allegations are hopelessly incongruous, which makes the claim implausible, and the cause
12  of action is in question in light of Plaintiffs' responsive brief.  While breach of contract is a
13  viable legal theory, Plaintiffs fail to plead sufficient facts from which the Court can
14  reasonably infer Defendant is liable for a breach.  *See Iqbal*, 129 S.Ct. at 1949; *Balistreri*,
15  901 F.2d at 699.

16      Claim 3: TILA

17      Plaintiffs allege Defendant violated TILA by failing to disclose a material fact in a
18  note and mortgage agreement.[2]  Defendant argues this claim is barred by the statute of
19  limitations.

20      Violations of TILA must be brought within one year of the occurrence of the
21  violation.  15 U.S.C. § 1640(e).  The failure to make required disclosures occurs at the time
22  loan documents are signed.  *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir.
23  2003).  Plaintiffs allege they entered a written agreement with Defendant on September 8,

24
25      [2]   Although not argued by Defendant, TILA does not appear relevant to the allegations
26  asserted by Plaintiffs.  In all three claims, Plaintiffs contend they were the "depositor" or
    "lender" to Defendant.  The purpose of TILA is to provide credit consumers with disclosure
27  about credit terms.  15 U.S.C. § 1601(a).  Because Plaintiffs contend they were the lender,
28  Defendant would not be bound by TILA for the alleged transactions.

1    1994, which is the date of the occurrence for purposes of TILA.  Therefore, the one-year

2    period ran in September 1995, and this claim is barred by the statute of limitations.

3           Plaintiffs refute this argument only by arguing there is no statute of limitations on

4    fraud.  This argument is inapposite because Plaintiffs do not allege a fraud claim in the

5    Complaint.[3]

6           Conclusion

7           Based on the above assessment, the Court should grant the motion to dismiss.

8    However, when a court dismisses for failure to state a claim, it "should grant leave to amend

9    even if no request to amend the pleading was made, unless it determines that the pleading

10   could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v.*

11   *N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  Defendant requests that the

12   Court preclude amendment.  However, because Plaintiffs are pro se and it is not absolutely

13   clear that they could not state a cause of action, the Court finds that leave to amend should

14   be allowed for Claims 1 and 2.  Because a TILA claim is barred by the statute of limitations,

15   amendment of Claim 3 is not warranted.

16          An amended complaint must contain all allegations a plaintiff is asserting against the

17   defendant, as the original complaint will be superseded by an amendment and any arguments

18   not included in the amendment are waived.  *See London v. Coopers & Lybrand*, 644 F.2d

19   811, 814 (9th Cir. 1981).  Based on references made by Plaintiffs in Claim 3, and documents

20   filed by both parties (*see* Doc. 4, Exs. A, B; Doc. 12), the relationship between Plaintiffs and

21   Defendant appears to be based on the financing of a home located at 1320 Plaza Amapola,

22   Sierra Vista, Arizona; that home has been noticed for sale based on breach of a deed of trust

23   (Doc. 12 at 20).  If Plaintiffs' allegations arise from home financing and/or the noticed sale,

24   the amended complaint should plead the relevant facts regarding those issues.  Further, the

25

26   [3]    There is a three-year statute of limitations on fraud claims under Arizona law, which
27   begins to run from the date a plaintiff could have learned of the fraud with reasonable
     diligence.  *Coronado Dev. Corp. v. Superior Ct. of Arizona in and for Cochise Cnty.*, 139
28   Ariz. 350, 352, 678 P.2d 535, 537 (App. 1984).

1   relevant date of the transaction(s) between the parties is in dispute and Plaintiffs should

2   clarify that information in their amendment and consider attaching the relevant documents,

3   reflecting the pertinent date, to their amended complaint.

4          Plaintiffs are reminded of their obligation to comply with all rules of procedure and

5   Court orders, regardless of their pro se status. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

6   1987).  Failure to do so may result in dismissal of the action.  Fed. R. Civ. P. 41(b); *Ferdik*

7   *v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  If Plaintiffs do not amend their complaint

8   in the time set by the District Court, the Court should dismiss the case and enter judgment.

9                                    **RECOMMENDATION**

10         Based on the foregoing, the Magistrate Judge recommends that the District Court

11   dismiss Claims 1 and 2 with leave to amend within twenty (20) days, and dismiss Claim 3

12   with prejudice.

13         Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file

14   written objections within fourteen days of being served with a copy of this Report and

15   Recommendation.  If objections are not timely filed, they may be deemed waived.

16         DATED this 17th day of March, 2011.

17

18

19

20   _____

21              D. Thomas Ferraro
                United States Magistrate Judge
22

23

24

25

26

27

28