1   WO

2

3

4

5

6

7                        **UNITED STATES DISTRICT COURT**

8                          **DISTRICT OF ARIZONA**

9   Richard L. Smith and Nina L. Smith,        )
                                               )
10                    Plaintiffs,              )
                                               )        CV 10-590 TUC DCB
11  v.                                         )
                                               )        **O R D E R**
12  Bank of America N.A.                       )
                                               )
13                    Defendant,               )
    ────────────────────────────────────────  )

14          This matter was referred to Magistrate Judge D. Thomas Ferraro on December 20, 2010,

15  and pursuant to Rules of Practice for the United States District Court, District of Arizona (Local

16  Rules), Rule (Civil) 72.1(a), he issued a Report and Recommendation (R&R) on March 17,

17  2011.  (Doc. 18.)  He recommends granting Defendant's Motion to Dismiss, with leave to

18  amend claims 1 and 2, but to dismiss claim 2 with prejudice.  The Court accepts and adopts the

19  Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions

20  of law of this Court and, accordingly, grants the Defendant's Motion to Dismiss.  Also pending

21  the filing of an Amended Complaint stating a claim, the Court precludes discovery, pursuant

22  to Fed. R. Civ. P. 26(d)(1), and grants the Defendant's Motion for a Protective Order.  (Doc. 8.)

23          Plaintiff's Complaint alleges violations of Truth in Lending Act (TILA) as follows:

24  Claim 1 alleges Plaintiffs deposited $113,313 with Defendant, they have demanded payment

25  of the funds, Defendant has refused payment, and owes Plaintiff the money plus interest; Claim

26  2 alleges Plaintiffs, as depositors, sold Defendant a promissory note for $113,313, and

27  Defendant owes Plaintiffs the value of the note, and Claim 3 alleges Defendant prepared a note

28  and mortgage agreements based on the deposit, but failed to include the Plaintiffs were the

1  depositors, and Defendant did not risk any assets in the exchange. Defendant's move for
2  dismissal under Federal Rule of Civil Procedure, Rule 12(b)(6) for failure to state a claim.

## STANDARD OF REVIEW

The duties of the district court, when reviewing a Report and Recommendation of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation (R&R), "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

## REPORT AND RECOMMMENDATION

"To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must allege facts sufficient 'to raise a right to relief above the speculative level.'" (R&R at 2 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "Dismissal under Rule 12(b)(6) can be based on 'the lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 3 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

1  For all the reasons contained in the R&R, the Plaintiffs fail to state any plausible claims,

2  (R&R at 3-5), and the TILA claim is barred by a one-year statute of limitations, *id.* at 5-6.  Only

3  because the Plaintiffs are pro se, the Court will grant them leave to file an amended Complaint

4  to cure the deficiencies as explained in the R&R.

5  Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those

6  portions of the R&R to which there are objections.  28 U.S.C. § 636(b)(1) ("A judge of the court

7  shall make a de novo determination of those portions of the report or specified proposed findings

8  and recommendations to which objection is made.")  To the extent that no objection has been

9  made, arguments to the contrary have been waived.  *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th

10  Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*,

11  Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*,

12  501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy

13  itself that there is no clear error on the face of the record in order to accept the recommendation).

14  While there are no objections and review has, therefore, been waived, the Court

15  nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law.

16  *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449,

17  455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v.*

18  *Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily

19  waive question of law, but is a factor in considering the propriety of finding waiver)).  The Court

20  finds the R&R to be thorough and well-reasoned, without any clear error in law or fact.  *United*

21  *States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989).  The Court accepts and adopts the

22  R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in

23  the R&R, the Court grants the Defendant's Motion to Dismiss as recommended by the

24  Magistrate Judge.

25  **Accordingly,**

26  **IT IS ORDERED** that the Report and Recommendation (Doc. 18) is adopted as the

27  opinion of the Court.

28

1  **IT IS FURTHER ORDERED** that Motion to Dismiss (Doc. 4) is GRANTED, with

2  leave to amend as to claims 1 and 2, and dismissed with prejudice as to claim 3.

3  **IT IS FURTHER ORDERED** that the Amended Complaint shall be filed within 20 days

4  of the filing date of this Order and failure to file an Amended Complaint curing the deficiencies

5  shall result in dismissal of the action, without further notice to the Plaintiffs.

6  **IT IS FURTHER ORDERED** that the Defendant's Motion for a Protective Order (Doc.

7  8) is GRANTED to preclude Plaintiffs from making untimely discovery requests prior to a valid

8  Complaint being filed and discovery commencing pursuant to Fed. R. Civ. P. 26(d)(1) and(f).

9  **IT IS FURTHER ORDERED** WITHDRAWING THE REFERENCE from Magistrate

10 Judge D. Thomas Ferraro.

11 DATED this 27TH day of April, 2011.

12

13

14                                    David C. Bury
                                      United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28